IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JERARD VONADOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) 8:17-cv-632-T-24-AAS ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the plaintiff, JERARD VONADOR, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JERARD VONADOR, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Palmetto, County of Manatee, State of Florida.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to U.S. Bank National Association (hereinafter, "the Debt").

TPA042443

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. Upon information and belief, Defendant purchased, acquired and/or otherwise obtained the Debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. PORTFOLIO RECOVERY ASSOCIATES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Florida. Defendant's principal place of business is located in the State of Virginia. Defendant is registered as a limited liability company in the State of Florida.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

15. On or about March 30, 2016, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt. (A true and exact copy of Defendant's correspondence to Plaintiff dated March 30, 2016, is attached hereto as **Exhibit A**).

16. Plaintiff received the correspondence from Defendant, dated March 30, 2016.

17. The correspondence Defendant sent to Plaintiff, dated March 30, 2016, was Defendant's initial communication with Plaintiff relative to the Debt.

18. In the correspondence sent to Plaintiff by Defendant, dated March 30, 2016, Plaintiff was informed "[u]nless, within 30 days after the receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the creditor and by the Firm. If you notify us in writing within said 30 days that the debt or any portion thereof is disputed, we will obtain verification of the debt, or obtain a copy of a judgment against you, and we will mail such verification to you. In addition, upon your written request within said 30 days, this Firm will provide the name and address of the original creditor if the original creditor is different from the current creditor."

19. On or about April 23, 2016, Plaintiff sent a written correspondence to Defendant. (A true and exact copy of said correspondence sent by Plaintiff to Defendant, dated April 23, 2016, is attached hereto as **Exhibit B**).

20. Plaintiff's written correspondence to Defendant, dated April 23, 2016, as delineated in the preceding paragraph, was sent to Defendant within thirty (30) days of Plaintiff having received Defendant's correspondence, dated March 30, 2016.

21. Defendant received Plaintiff's correspondence dated April 23, 2016.

22. On or about April 28, 2016, Defendant received Plaintiff's correspondence, dated April 23, 2016

23. In the correspondence dated April 23, 2016, sent by Plaintiff to Defendant, Plaintiff stated that his correspondence was being sent in response to a letter received from Defendant, dated March 30, 2016.

24. In the correspondence dated April 23, 2016, sent by Plaintiff to Defendant, Plaintiff stated that the Debt was disputed.

25. In the correspondence dated April 23, 2016, sent by Plaintiff to Defendant, Plaintiff requested that Defendant provide Plaintiff with documentation to validate the Debt.

26. In the correspondence dated April 23, 2016, sent by Plaintiff to Defendant, Plaintiff listed his mailing address.

27. Prior to on or about July 26, 2016, Defendant had received a copy of Plaintiff's correspondence, dated April 23, 2016.

28. Prior to on or about July 26, 2016, Defendant was cognizant that Plaintiff disputed the Debt.

29. Prior to on or about July 26, 2016, Defendant was cognizant that Plaintiff had timely requested information from Defendant to validate the Debt.

30. At no time prior to on or about July 26, 2016, did Defendant provide Plaintiff with documentation to validate the Debt.

31. On or about July 26, 2016, Defendant sent another letter to Plaintiff in an attempt to collect the debt, but this time Defendant warned Plaintiff that the account was being transferred to their litigation department.

32. On or about August 19, 2016, Plaintiff sent in another letter to Defendant again disputing the debt and seeking validation.

33. Defendant received Plaintiff's August 19, 2016 correspondence on or about August 22, 2016.

34. Despite Plaintiff's timely demand for validation, Defendant filed a lawsuit against Plaintiff in the Circuit Court of Manatee County, State of Florida (hereinafter, "the Manatee County Lawsuit").

35. The Manatee County Lawsuit was filed against Plaintiff relative to the Debt.

36. Defendant attempted to collect the Debt from Plaintiff by filing the Manatee County Lawsuit against Plaintiff in an attempt to collect the Debt without first having provided Plaintiff with documentation to validate the Debt.

37. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

> a. Continued to attempt collection of the debt allegedly owed by the consumer despite having failed to mail to the consumer verification of the debt by the original creditor or the name and address of the original creditor in response to receiving a timely written notification from the consumer that the debt was disputed or notification that the consumer requests the name and address of the original creditor in violation of 15 U.S.C. §1692g(b);
>
> b. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

38. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

39. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JERARD VONADOR, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JERARD VONADOR**

By: _____
David M. Marco
Attorney for Plaintiff

Dated: March 13, 2017

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com